IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
KENT DEUTSCH,
d/b/a DEUTSCH OIL CO.,            )
                                  )
              Plaintiff,          )    CIVIL ACTION
                                  )
v.                                )    No.  15-1092-MLB
                                  )
ROBRO ROYALTY PARTNERS, LTD.,     )
et al.,                           )
                                  )
              Defendants.         )
                                  )
```

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendants' motion to dismiss and supporting memorandum (Docs. 4 and 5);

2. Notice of failure to respond (Doc. 6);

3. Plaintiff's motion for leave to file response out of time (Doc. 7); and

4. Defendant's opposition (Doc. 8).

On March 25, 2015 this case was removed from the District Court of Stafford County (Doc. 1). On April 1, 2015, defendants filed their motion to dismiss and supporting memorandum (Docs. 4 and 5). Plaintiff did not file a timely response to defendants' motion to dismiss and, instead of calling plaintiff's counsel to inquire why a timely response had not been filed, defendants' counsel filed the notice of failure to respond.  Citing excusable neglect due to a filing error in his office, plaintiff's counsel sought leave to file a response out of time, to which defendants have filed their

opposition.

Plaintiff has the burden to demonstrate excusable neglect. One judge of this court, in a Memorandum and Order extensively cited by defendants, observed: "Justification for relief —in this case, the existence of excusable neglect— is litigated on the merits. A party seeking to establish excusable neglect must plead and prove it. The opposing party is entitled to present controverting evidence demonstrating the absence of excusable neglect." Fernandes v. United States, 169 F.R.D. 372, 374 (D. Kan. 1996). None of the parties have filed supporting affidavits nor have they requested an evidentiary hearing. Had a hearing been requested, the request would have been denied as inconsistent with Fed. R. Civ. P. 1.

Defendants' reliance on Fernandes is not persuasive. Apart from the fact that it is an old case, it does not mention Pioneer Investment Services Co. v. Brunswick Associates, L.P., 507 U.S. 380 (1993) which analyzes the excusable neglect standard. A far more persuasive District of Kansas case is White v. O'Dell Industries, Inc. and Perfecto Acquisition Corp., No. 99-2315, 2000 WL 127267 (D. Kan. Jan. 14). None of the parties cite Pioneer or White; indeed, plaintiff cites no authority at all. Nor do they cite Steven W. Allton and John W. Broomes, What Constitutes Excusable Neglect?, 77 J. Kan. B.A. 6 (2008) which is especially interesting because one of its authors was this court's law clerk. Generally speaking, all counsels' performance in briefing this matter is disappointingly inadequate.

As Judge Lungstrum pointed out in White, citing Pioneer Inv. Services Co.:

The Court recognized that excusable neglect may extend to

-2-

>     delays caused by inadvertence, mistake, carelessness, or
>     ignorance of court rules, not just to delays caused by
>     circumstances beyond a party's control. See id. at 392. In
>     determining whether the excusable neglect standard is met,
>     courts should consider all relevant circumstances,
>     including: "(1) the danger of prejudice to [the nonmoving
>     party], (2) the length of the delay and its potential
>     impact on judicial proceedings, (3) the reason for the
>     delay, including whether it was within the reasonable
>     control of the movant, and (4) whether the movant acted in
>     good faith." Id. at 395. Although the Pioneer analysis was
>     performed in the context of Fed. Bankr.P.R. 9006(b)(1), the
>     Tenth Circuit has adopted it in other contexts as well. See
>     City of Chanute, Kansas v. Williams Natural Gas Co., 31
>     F.3d 1041, 1046 (10th Cir. 1994) ("Because the Court's
>     analysis of what constitutes 'excusable neglect' in the
>     bankruptcy context rested on the plain meaning of the
>     terms, there is no reason that the meaning would be
>     different in the context of Fed. R. App. P. 4(a)(5).")

The is no question that Pioneer is applicable here.

Applying these factors, granting defendants' motion to dismiss with prejudice presents considerable danger of prejudice to plaintiff. Among other considerations, granting the motion could trigger malpractice issues and conceivably could require plaintiff's counsel to self report to the Kansas Disciplinary Administrator. Denying the motion, on the other hand, causes no prejudice to defendants who make no claim of prejudice in any event. The delay in plaintiff's failure to respond to the motion to dismiss and its potential impact on proceedings is minimal. The reason for the delay clearly was the responsibility of plaintiff's counsel. Finally, however, there is nothing to indicate that plaintiff's counsel acted in bad faith.

The court's decision is a matter of discretion. Exercising its discretion, the court grants plaintiff's motion for leave to file out of time. In so doing, the court calls counsels' attention to the saying "what goes around, comes around." Plaintiff's response shall be filed no later than June 12, 2015.

IT IS SO ORDERED.

Dated this ___3rd___ day of June 2015, at Wichita, Kansas.

                                         s/Monti Belot
                                         Monti L. Belot
                                         UNITED STATES DISTRICT JUDGE