IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
KENT DEUTSCH,
d/b/a DEUTSCH OIL CO.,         )
                               )
                 Plaintiff,    )   CIVIL ACTION
                               )
v.                             )   No.  15-1092-MLB
                               )
ROBRO ROYALTY PARTNERS, LTD.,  )
et al.,                        )
                               )
                 Defendants.   )
                               )
```

**MEMORANDUM AND ORDER**

Before the court are the following:

1.  Defendants' motion to dismiss (Docs. 4 and 5);

2.  Plaintiff's response (Doc. 11); and

3.  Defendants' reply (Doc. 12).

Background

Deutsch Oil Co. (Deutsch) is the lessee and operator of two oil leases located in Stafford County, Kansas: Morrison A#1 and Morrison A#2. Morrison A#1 has produced oil since 1970. Deutsch completed Morrison A#2 in 2013. Deutsch sold oil from both leases to Sunoco Logistics Partners, LP, (Sunoco) which is not a party. Deutsch, which presumably is supposed to know such things, did not know that the Trustee of the Batman Revocable Trust (also not a party) held mineral rights in Morrison A#2 and was entitled to royalty payments from the oil it produced. Sunoco, also apparently ignorant of the Trust's interest, paid royalties from both leases to defendants.

When Batman's trustee discovered the erroneous payments, she sued Deutsch in Stafford County District Court (Case No. 2015-CV-6) (Doc.

7-1). The suit was filed on March 6, 2015. Deutsch answered on April 15 and named defendants in a third party petition. The current status of 2015-CV-6 is unknown.

Two months earlier, on February 25, Deutsch had sued defendants in Stafford County (Case No. 2015-CV-4). Defendants removed 2015-CV-4 to this court and now seeks its dismissal for failure to state a claim.

When one reads Deutsch's state court petition, Deutsch's theory of recovery against defendants is not apparent. The petition merely alleges that the payments made by Sunoco to defendants were a mistake and that payments should have been made to the Trust. Not until Deutsch filed its third party petition did it allege a claim of unjust enrichment. Well, sort of. ("If the allegations made by [the Trust] against Deutsch are valid and [the Stafford County court] holds that the royalty for the Morrison A#2 well is the rightful property of [the Trust] then, by implication, [defendants] have been unjustly enriched by Deutsch.") This make it sound like Deutsch believes its unjust enrichment claim is dependent on findings which this court cannot make.

If Case No. 2015-CV-4 had stayed in Stafford County, it would have been consolidated with 2015-CV-6 and the state judge would have decided whether the Trust is the "rightful" holder of the royalty interest in Morrison A#2 and what should happen to the money. But the Trust is not a party here and the validity of the Trust's royalty interest is not before the court. It would have been better for defendants to leave 2015-CV-4 in Stafford County where all issues could have been decided in one forum. As it currently stands, the

only issue before this court is the validity of Deutsch's unjust enrichment claim against defendants.

The court has not overlooked the absence of any assertion by defendants that they are rightfully entitled to the royalty payments.[1] Rather, their position seems to be that Deutsch didn't make the royalty payments directly to them and thus they are not obligated under a theory of unjust enrichment to send back the payments to Deutsch so Deutsch can satisfy its obligation to the Trust.

### Discussion

The parties agree that in Kansas the elements of an unjust enrichment claim are: (1) a benefit conferred; (2) an appreciation or knowledge of the benefit of the one receiving the benefit; and (3) the acceptance or retention of the benefit under circumstances as to make it inequitable to retain the benefit. Suture Express, Inc. v. Cardinal Health 200, LLC and Owens & Mirror Distribution, Inc., 963 F. Supp.2d 1212, 1230 (D. Kan. 2013). Judge Rogers defined "confer" to mean 'bestow, grant, give or contribute.'" Id.  It's obvious that Deutsch did none of these things directly with respect to defendants.

The parties have directed this court to three tedious Kansas Supreme Court decisions which mention unjust enrichment: Waechter v. Amoco Production Co., 217 Kan. 489, 515 (1975); J.W. Thompson Co. v. Welles Products Corp., et al., 243 Kan. 503, 511 (1988) and Haz-Mat Response, Inc. v. Certified Waste Services, Ltd., et al., 259 Kan. 166, 176 (1996).  Only Waechter involves a somewhat analogous set of

---

[1] Assuming defendants are not claiming entitlement to the royalties, the court wonders why they haven't considered paying the money into the court in Case No. 2015-CV-6.

-3-

facts. Amoco, as lessee, sold natural gas from the Hugoton Field to Cities Service. Amoco then over-paid royalty payments to the landowners (Waechter and 3000 others). The Kansas Supreme Court held generally that Amoco was entitled to have its overpayments refunded, but not specifically upon the theory of unjust enrichment:

> The real basis relied upon by appellant [Amoco] for its right to have the overpayments refunded, and we think properly so, is stated in 3 Williams, Oil and Gas Law, § 657, as follows:
>
> "Lessee's Remedy in Event of Over-payment of Royalty
>
> "Where as a result of good faith mistake royalty has been paid to a person not entitled to receive same or where excessive payments have been made in good faith, it is generally held that the lessee (or purchaser) who has made such payments may recover from the payee the payments to which he was not entitled. However a voluntary overpayment not caused by mistake may not be recovered." (p. 712.)
>
> And in 3 Kuntz, Oil and Gas (A Revision of Thornton) § 42.8, the following is found:
>
> "Effect of mistake in payment of royalty.
> (a) Right of lessee to refund of royalty erroneously paid.
>
> "If the lessee or the purchaser of royalty oil or royalty gas should overpay a lessor or should make payment to a person not entitled to receive such payment, such lessee or purchaser may or may not be entitled to a refund of the amount erroneously paid, depending upon the circumstances of the payment.
>
> * * *
>
> "Ordinarily, if a person who has full knowledge of the facts makes a voluntary payment to another who claims a right to such payment, there is no enforceable right to a refund of the amount so paid even though there was no legal liability to make the payment in the first instance. Accordingly, in the absence of special circumstances, the lessee is not entitled to a refund if he or the purchaser of oil makes a voluntary overpayment of royalty to the lessor.
>
> "The lessee may, however, recover from the lessor any overpayment of royalty which he made because of mistake of law or fact. A payment by mistake is not a 'voluntary'

-4-

>    payment, and it may be recovered even though the payor was negligent in making the payment.
>
>    * * *
>
>    "It might also be observed that a payment is not 'voluntary' if it is made under duress. . . ." (pp. 405-407.)
>
>    The philosophy in the foregoing was the premise for the court's ultimate ruling in <u>Panhandle Eastern Pipe Line Company v. Brecheisen</u>, 323 F.2d 79 (CA 10, 1963). There a purchaser of gas produced in the Kansas Hugoton field sought to recover amounts it had paid to lessor pursuant to a KCC minimum price order greater than that in the gas purchase contract, which order was later invalidated in the federal supreme court. In determining which statute of limitations was applicable to the claim, the court said:
>
>>    "Although a written contract was in existence between the lessor and the lessee and another between the lessee and the distributor of the gas, the amounts here claimed are not due under either contract. The sole basis for recovery must be found in a contract implied in law requiring a person who has been unjustly enriched at the expense of another to make restitution. The suit does not seek to enforce a provision of any contract and the price provisions of the contract are in evidence merely to demonstrate the proper difference between the price agreed upon and the price forced upon the buyers by the invalid order of the Kansas commission. . . .
>>
>>    "We hold that the trial court correctly determined that Panhandle's claim was not based upon a writing and is thus limited to an action for unjust enrichment or other aspects of implied contract. . . ." (p. 82)

(<u>Id.</u> at 515-16).

A crucial factual difference here is that Deutsch did not pay the royalties to defendants; Sunoco did. Why this occurred is unknown. Presumably it was pursuant to some arrangement between Deutsch and Sunoco which is not part of the record. None of the cases cited by the parties touch on the difference and the court is not prepared to assume it's not important. This and other issues can be resolved, and should be resolved, by the Stafford County judge who will have all the

facts.

## Order

Fed. R. Civ. P. 1 provides that the Rules (including Rule 12) should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding. In this case, it would appear that all issues necessary for the complete resolution of this case are (or can be) before the Stafford County court. Accordingly, this court will stay this case until the Stafford County case is fully resolved.

The clerk is directed to forward a copy of this Memorandum and Order to the District Court of Stafford County.

The court will not entertain a motion to reconsider, however styled.

IT IS SO ORDERED.

Dated this   23rd   day of June 2015, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE