# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENT DEUTSCH,** <br> d/b/a **DEUTSCH OIL CO.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ROBRO ROYALTY PARTNERS, LTD., et al.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-1092-JTM-GEB <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Continue the Stay previously entered in this case (**ECF No. 22**). After consideration of the motion and Defendants' Response (ECF No. 23), the Court **GRANTS** Plaintiff's Motion to Continue Stay as set forth below.

## Background[1]

**Claims**

Plaintiff Kent Deutsch, d/b/a Deutsch Oil Co. ("Deutsch") drilled and operates an oil well in Stafford County, Kansas, commonly known as the "Morrison A #2" oil well. The mineral rights to the well are, in part, apparently owned by a non-party to this action,

---

[1] Unless otherwise indicated, the information recited in this section is taken from the pleadings (Notice of Removal, ECF No. 1; Pl.'s Pet. (ECF No. 1, Ex. 1), from the briefs regarding Plaintiff's Motion to Continue the Stay (ECF Nos. 22, 23), and from Senior District Judge Monti L. Belot's ruling of June 24, 2015 (Mem. and Order, ECF No. 13). This background information should not be construed as judicial findings or factual determinations.

the Batman Revocable Trust No. 1 ("Trust").  The underlying disputes stem from 14 months of royalty payments arising from Deutsch's mineral lease which were mistakenly paid to defendants Robro Royalty Partners, Ltd. ("Robro") and Bitter End Royalties ("Bitter End").  On these facts, Deutsch and the Trust each filed separate lawsuits in the Stafford County, Kansas District Court —the first of which was removed to the federal court and provides the basis for this Court's review.

The first lawsuit (this case) was filed on February 25, 2015, as Stafford County Case No. 2015-CV-4.  In this action, Deutsch alleges Defendants were unjustly enriched because the royalties rightly belonged to the Trust.  Deutsch seeks repayment of those royalties by Robro and Bitter End.

After Deutsch filed his lawsuit, the Trust sued Deutsch on March 6, 2015 in Stafford County, Case No. 2015-CV-6 ("*Batman*").[2]  In *Batman*, the Trust brought a breach of contract claim against Deutsch for his failure to pay to the Trust the same royalties at issue in the *Deutsch v. Robro* action.  Deutsch filed a motion in Stafford County to consolidate the two cases, but before the motion was decided, Robro and Bitter End removed Case No. 2015-CV-4 to this court on March 25, 2015.

**Current Status of Stafford County Case**

Separately from the removal of this case, the *Batman* case continued to progress in in Stafford County.  After Deutsch's failed attempt to consolidate the state court actions, it filed a Third-Party Petition in *Batman* against Robro and Bitter End, asserting the same

---

[2] *Marilyn Batman, as Trustee of the Batman Revocable Trust No. 1 v. Deutsch*, Case No. 2015-CV-6 (Stafford County Dist. Ct.).

unjust enrichment claim against them in that case as in this federal case. Robro and Bitter End sought dismissal of the third-party petition, but the state court denied their motion. Discovery in *Batman* appears complete, and the case is scheduled for trial on August 9-10, 2016.

**Current Status of This Case**

Following the removal of this case, Defendants filed a motion to dismiss Plaintiff's claims for failure to state a claim upon which relief might be granted under Fed. R. Civ. P. 12(b)(6). When considering that motion, Senior District Judge Monti L. Belot stayed this case pending resolution of the *Batman* case in Stafford County. In his order (ECF No. 13) filed June 24, 2015, Judge Belot discussed Plaintiff's unjust enrichment claims, the necessary proof, and the question of whether the Trust is, in fact, the rightful royalty owner—an issue which could not be decided by this Court because the Trust is not a party to this action. Judge Belot opined, "It would have been better for defendants to leave 2015-CV-4 in Stafford County where all issues could have been decided in one forum," and stayed this action, finding:

> Fed. R. Civ. P. 1 provides that the Rules (including Rule 12) should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding. In this case, it would appear that all issues necessary for the complete resolution of this case are (or can be) before the Stafford County court. Accordingly, this court will stay this case until the Stafford County case is *fully resolved*.[3]

---

[3] Mem. and Order, ECF No. 13, at 2, 6 (emphasis added).

Due to the passage of time and reassignment of the case to new judges,[4] the Court held conferences (ECF Nos. 16, 18, 21) in the spring of 2016 to review the status of the Stafford County matter.  After discussion at the May 27, 2016 conference, the Court ordered Plaintiff to file a motion to continue the stay (ECF No. 21).

### Plaintiff's Motion to Continue the Stay (ECF No. 22)

Citing the pending *Batman* trial, Plaintiff seeks the continued stay of this federal case to allow the Court to benefit from the anticipated Stafford County ruling in *Batman*. Because the state trial should decide his third-party unjust enrichment claim against these same Defendants, Plaintiff argues the doctrine of res judicata will apply to bar further consideration of his federal claim.  Therefore, any discovery or other litigation undertaken in this case over the next month or more could be for naught.  Additionally, all of the necessary parties to the factual circumstances underlying both cases are present in the Stafford County case, including all federal parties and the Trust, and the Trust is absent from these proceedings.  Plaintiff contends continuing the stay will conserve judicial and party resources, and potentially resolve the issues pending before this federal court.

Defendants argue this Court has a duty to exercise its jurisdiction over the claim before it, and this case does not qualify as an exception by which the Court should abstain from hearing this case.  They ask the Court to immediately consider their pending

---

[4] As a result of Judge Belot's retirement and the retirement of the Magistrate Judge referred on the case, the matter was reassigned to Chief District Judge J. Thomas Marten and referred to the undersigned Magistrate Judge for pretrial case management.

Motion to Dismiss (ECF No. 4) to clarify the legal claims between the parties. Defendants discuss the doctrine of abstention and argue no bases exist for this Court to suspend its jurisdiction in deference to the pending state court matter.

**Legal Standard**

Whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[5] Applying the abstention doctrine of *Colorado River Water Conservation Dist. v. United States*,[6] a federal court analyzes multiple factors to determine whether to dismiss or stay a federal case pending the outcome of parallel state court proceedings.[7] Abstention is the exception rather than the rule, and the "pendency of an action in state court is no bar to proceedings concerning the same matter in a federal court with jurisdiction."[8] However, the doctrine's core principle is "the avoidance of duplicative litigation," and its goal is to "preserve judicial resources" by focusing on efficiency and economy.[9] Under the *Colorado River* doctrine, dismissal[10] of the federal

---

[5] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir.1963)).
[6] 424 U.S. 800 (1976).
[7] *Star Ins. Co. v. TLC Trucking, LLC*, No. 16-1017-JTM, 2016 WL 1435250, at *3 (D. Kan. Apr. 12, 2016) (citing *Colorado River*, 424 U.S. at 819-20*).*
[8] *Id*. (citing *Colorado River*, 424 U.S. at 817).
[9] *Springer v. Thomas*, No. 15-4862-SAC, 2015 WL 2449579, at *2 (D. Kan. May 22, 2015) (quoting *Rienhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir. 1999)).
[10] This issue of dismissal is not before this Court. Although Plaintiff seeks dismissal in the alternative, if the Court were not to grant stay, the case will be stayed and dismissal is not addressed.

case should be the exception and the "better practice is to stay the federal action pending the state's outcome."[11]

Before analyzing the relevant factors, the court must first find the state court proceeding is parallel to the federal case. In this context, the definition of parallel does not require the *exact* parties and issues to be present in both cases. Rather, "the state and federal proceedings are considered parallel if '*substantially* the same parties litigate *substantially* the same issues.'"[12]

Once the federal court determines the federal and state actions are parallel, it applies the *Colorado River* factors to analyze whether abstention is appropriate. Those factors include: (1) assumption of jurisdiction over property by either court*;* (2) relative inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the state and federal forums and progress of both cases; (5) the extent to which federal law controls the issues; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[13] The court must carefully balance these factors, and the "weight to be given to any one factor may vary greatly from case to case."[14]

---

[11] *Id.* (citing *Foxfield Villa Associates, LLC v. Regnier,* 918 F. Supp. 2d 1192, 1197 (D. Kan. 2013) (quoting *Fox v. Maulding,* 16 F .3d 1079, 1083 (10th Cir. 1994)).

[12] *Star Ins. Co.*, 2016 WL 1435250, at *3 (citing *United States v. City of Las Cruces*, 289 F. 3d 1170, 1182 (10th Cir. 2002)) (emphasis added).

[13] *Springer*, 2015 WL 2449579, at *4; *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 180 F. Supp. 2d 1235, 1241 (D. Kan. 2001).

[14] *Id.* (citing *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013)).

**Analysis**

Plaintiff does not address the *Colorado River* factors. Defendants address the factors but merely summarize by noting a majority of the factors are either inapplicable or neutral, and the applicable factors—3 and 4—weigh in favor of discontinuing the stay. Defendants argue the issue before the federal court is one of law, and there remain no factual questions[15] which must be resolved by the state court before the federal court makes a legal determination. Therefore, Defendants see no potential for piecemeal litigation or duplicative costs, but believe a federal determination on the issue of unjust enrichment would clarify the law of the case.

Before analyzing the *Colorado River* factors, the Court must determine whether the current case and the *Batman* action are parallel. Clearly, the facts giving rise to each action are the same. Furthermore, the legal claims by Deutsch in the two forums are not distinct—his unjust enrichment claims against Robro and Bitter End are identical in both cases. Likewise, Deutsch, Robro and Bitter End are all parties to both cases. Although the Trust is not a party to this action, its rights to the royalties underlay both disputes, and the "parallel nature of the actions cannot be destroyed by tacking on" another party.[16] Because substantially the same cases are litigating substantially the same issues in both forums, the cases are considered parallel.

---

[15] In Judge Belot's order staying the case, he commented the Stafford County court would have to determine whether the Trust was the valid owner of the mineral rights (ECF No. 13 at 2). It appears, since that Order, the state court determined the Trust is, in fact, the rightful owner of the royalties at issue. *See* Pl.'s Mot., ECF No. 22 at 3.

[16] *Springer*, 2015 WL 2449579, at *3 (citing *Gerbino v. Sprint Nextel Corp.,* 2013 WL 2405558 at *3 (D. Kan. May 31, 2013) (internal citation omitted).

Finding the actions parallel, the Court next considers the *Colorado River* factors and first addresses those factors which are neutral to the analysis. The first factor, regarding jurisdiction over property, is inapplicable because it does not appear, from the record, either court has assumed jurisdiction over property. The second factor is neutral, because the federal forum is not inconvenient, and neither party asserts that argument. The fifth factor—the extent to which federal law controls the issues—is, at the least, neutral but may weigh in favor of abstention. Plaintiff's unjust enrichment claim is one of state law, and although it is appropriately before the federal court on diversity jurisdiction, federal substantive law does not control its disposition. Therefore, the sixth factor is also, at least, neutral, because the state court action should sufficiently protect the rights of Defendants.

Primarily though, the Court disagrees with Defendants' analysis of the third and fourth *Colorado River* factors, which focus on the avoidance of duplicative litigation and preservation of resources. With the Stafford County case nearing trial, it seems directly contrary to both the doctrine and the mandate of Fed. R. Civ. P. 1 to charge forward with the federal proceeding. Doing so would certainly create duplication of court and the parties' resources and piecemeal litigation between the parties. Despite the fact this federal matter was first filed in the state court, the *Batman* case has progressed to the point of trial—a factor which weighs heavily in favor of abstention. Finding Judge Belot's reasoning remains applicable, and perhaps even more so considering the ripeness of the state case (assuming unforeseen or significant changes in schedule), the stay shall remain in place pending a decision in the upcoming Stafford County trial.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Continue the Stay (**ECF No. 22**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Status Report with the Court on or before August 26, 2016, regarding the outcome of *Marilyn Batman, as Trustee of the Batman Revocable Trust No. 1 v. Deutsch*, Stafford County Case No. 2015-CV-6, and Plaintiff's intent regarding this federal case in light of any state court decision.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 29th day of July, 2016.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge